## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: MARY K. SICILIAN
   Debtor.

   Case No.: 3:10-bk-9860-PMG

   Chapter 11

_____/

MARY K. SICILIAN

  Plaintiff

   Adv. No. 3:16-ap-00250-JAF

  v.

OCWEN LOAN SERVICING, LLC

  Defendant

_____/

### DEFENDANT, OCWEN LOAN SERVICING, LLC'S, ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by and through its counsel of record, Aldridge Pite, LLP, hereby submits its Answer to Mary K. Sicilian's ("Plaintiff") Original Complaint for Declaratory Judgment, Injunctive Relief, and Damages ("Complaint") and respectfully shows the Court as follows:

### SECTION I
### Introduction

1. Ocwen admits the allegations contained in paragraph 1 of the Complaint regarding the filing of the action under the cited provisions of the Bankruptcy Code. Ocwen denies the allegation regarding its alleged violation of the Bankruptcy Code.

2.  Ocwen is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint regarding the Plaintiff's purpose for filing the Complaint and therefore denies the allegations contained in paragraph 2.

## SECTION II
### Jurisdiction and Venue

3.      Ocwen admits the allegations contained in paragraph 3 of the Complaint regarding jurisdiction of this Court.

4.      Ocwen admits the allegations contained in paragraph 4 of the Complaint regarding jurisdiction of this Court.

5.  Ocwen admits the allegations contained in paragraph 5 of the Complaint stating that this matter is a core proceeding.

6.  Ocwen admits the allegations contained in paragraph 6 of the Complaint stating that venue is proper.

## SECTION III
### Parties

7.  Ocwen admits the allegations contained in paragraph 7 of the Complaint alleging that the Plaintiff is a Debtor in case number 3:10-bk-9860-JAF.

8.  Ocwen admits the allegations contained in paragraph 8 of the Complaint regarding its principal place of business. Ocwen admits that it is the mortgage servicer for the subject loan of this adversary proceeding.

## SECTION IV
### Factual Allegations

9.  Based on Ocwen's business records, Ocwen admits the allegations contained in paragraph 9 of the Complaint regarding the Plaintiff's execution of the promissory Note in the amount of

$147,500.00 secured by the real property located at 11 Ocean Breeze Circle, Ormond Beach, FL 32176 (the "Ocean Breeze Property"). Ocwen denies the allegation regarding the date of execution of the Note, as the Note is dated April 24, 2006.

10. Based on Ocwen's business records, Ocwen admits the allegations contained in paragraph 10 of the Complaint regarding the fixed-rate Note.

11. Based on a review of the court's docket in the Bankruptcy Case, Ocwen admits the allegations contained in paragraph 11 of the Complaint stating that Plaintiff filed a bankruptcy petition on November 11, 2010.

12. Based on a review of the Claims Register in the Plaintiff's Bankruptcy Case and Ocwen's business records, Ocwen admits the allegations in paragraph 12 of the Complaint regarding the Proof of Claim. Pursuant to the Claims Register, Claim No. 24-1 was amended on March 16, 2011 by the filing of Claim No. 24-2.

13. Based on a review of the Chapter 11 Plan filed at Docket No. 135 in the Bankruptcy Case, Ocwen admits the allegations contained in paragraph 13 of the Complaint regarding the filing of Plaintiff's Chapter 11 Plan.

14. Based on a review of the Order Confirming Chapter 11 Plan filed at Docket No. 407 in the Bankruptcy Case, Ocwen admits the allegations contained in paragraph 14 of the Complaint regarding confirmation of the Plaintiff's Chapter 11 Plan.

15. Based on a review of the Order Confirming Chapter 11 Plan, Ocwen admits the allegations contained in paragraph 15 of the Complaint regarding the terms reflected in the Order Confirming the Plaintiff's Chapter 11 Plan.

16. Ocwen denies the allegations contained in paragraph 16 of the Complaint alleging that Plaintiff has complied with the terms and payments due pursuant to the confirmed Plan.

17. Ocwen admits the allegations contained in paragraph 17 of the Complaint regarding the servicing of the loan by Ocwen.

18. Ocwen denies the allegations contained in paragraph 18 of the Complaint alleging that Plaintiff has complied with the terms of the confirmed Plan.

19. Based on a review of the court's docket in the Bankruptcy Case, Ocwen admits the allegations contained in paragraph 19 of the Complaint regarding entry of a discharge order by the court on January 12, 2016 in the Plaintiff's Bankruptcy Case.

20. Ocwen denies the allegations contained in paragraph 20 of the Complaint alleging that Plaintiff has made the required plan mortgage payments to Ocwen. Ocwen admits the allegations contained in paragraph 20 of the Complaint stating that Ocwen claimed the mortgage is in default.

21. Ocwen currently lacks sufficient information regarding the inclusion of the interest and fees listed on the payoff and, as a result, Ocwen denies the allegations contained in paragraph 21 of the Complaint stating that said fees were "improper."

22. Ocwen admits the allegations contained in paragraph 22 of the Complaint regarding the June 15, 2016 letter, which reflects the return of funds in the amount of $553.04 to the Plaintiff.

23. Ocwen admits the allegations contained in paragraph 23 of the Complaint alleging that the June 15, 2016 letter alleged a default on the account. Ocwen denies that the letter refers to "continuing foreclosure proceedings." Rather, the June 15, 2016 letter stated that "payments that are less than the amount required to reinstate the mortgage loan will be returned and will not stop any foreclosure proceedings that have begun." The June 15, 2016 letter does not unequivocally state that foreclosure proceedings have commenced or will be continued. As a result, Ocwen denies the allegations contained in paragraph 23 of the Complaint.

24. Ocwen admits the allegations contained in paragraph 24 of the Complaint alleging that the Plaintiff received letters from Ocwen dated June 15, 2016, June 23, 2016, and June 30, 2016, which allege a default on the account. Ocwen denies that the letters refer to "continuing foreclosure proceedings." Rather, the letters stated that "payments that are less than the amount required to reinstate the mortgage loan will be returned and will not stop any foreclosure proceedings that have begun." The letters do not unequivocally state that foreclosure proceedings have commenced or will be continued. As a result, Ocwen denies the allegations contained in paragraph 24 of the Complaint.

25. Ocwen lacks sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint. As a result, Ocwen denies the allegations contained in paragraph 25 of the Complaint.

26. Ocwen denies the allegations contained in paragraph 26 of the Complaint.

27. Ocwen admits the allegations contained in paragraph 27 of the Complaint regarding the mailing of a monthly statement to the Plaintiff and the amounts listed thereon.

28. Ocwen admits the allegations contained in paragraph 28 of the Complaint regarding the mailing of a monthly statement to the Plaintiff and the escrow items listed thereon. Ocwen denies the conclusory allegations contained in Paragraph 28 of the Complaint regarding the nature, content, or effect of the monthly statement or amounts listed. To the extent paragraph 28 calls for a legal conclusion regarding violation of the discharge injunction, Ocwen is not required to respond.

29. Ocwen denies the allegations contained in paragraph 29 of the Complaint.

30. Ocwen admits the allegations contained in paragraph 30 of the Complaint regarding the mailing of the July 27, 2016 letter.

31. Ocwen admits the allegations contained in paragraph 31(a), 31(b), and 31(c) of the Complaint regarding the contents of the July 27, 2016 letter. Ocwen denies the allegations contained in paragraph 31(d) of the Complaint regarding the characterization of the bankruptcy disclaimer and Ocwen's "intent" to foreclose.

32. Ocwen is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint regarding the Plaintiff's alleged tenant. As a result, Ocwen denies the allegations contained in paragraph 32 of the Complaint.

33. Ocwen is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint regarding reporting to credit bureaus. As a result, Ocwen denies the allegations contained in paragraph 33 of the Complaint.

34. Ocwen denies the allegations contained in paragraph 34 of the Complaint.

35. Ocwen is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint regarding Debtor's intent to the sell the property. As a result, Ocwen denies the allegations. Ocwen denies all other allegations contained in paragraph 35 of the Complaint.

36. Ocwen is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint regarding the condition of the property and the Debtor's intent to the sell the property. As a result, Ocwen denies the allegations contained in paragraph 36 of the Complaint.

37. Ocwen admits the allegations contained in paragraph 37 of the Complaint regarding the mailing of a reinstatement quote to the Plaintiff on November 15, 2016.

38. Ocwen admits the allegations contained in paragraph 38 of the Complaint regarding the amount of the "Total Amount Due to Reinstate" listed on the reinstatement quote. Ocwen denies that this amount includes late charges, "pre-petition late charge", property inspection fee, title report fee, property valuation expense, and foreclosure title search.

39. Ocwen denies the allegations contained in paragraph 39 of the Complaint. To the extent paragraph 39 of the Complaint calls for a legal conclusion, Ocwen is not required to respond.

40. Ocwen denies the allegations contained in paragraph 40 of the Complaint.

41. Ocwen denies the allegations contained in paragraph 41 of the Complaint. To the extent paragraph 41 of the Complaint calls for a legal conclusion, Ocwen is not required to respond.

42. Ocwen denies the allegations contained in paragraph 42 of the Complaint. To the extent paragraph 42 of the Complaint calls for a legal conclusion, Ocwen is not required to respond.

43. Ocwen denies the allegations contained in paragraph 43 of the Complaint. To the extent paragraph 43 of the Complaint calls for a legal conclusion, Ocwen is not required to respond.

44. Ocwen denies the allegations contained in paragraph 44 of the Complaint. To the extent paragraph 44 of the Complaint calls for a legal conclusion, Ocwen is not required to respond.

**<u>SECTION V</u>**
**Count I**

45. Ocwen re-submits its responses to the allegations in the factual allegations as stated above in response to paragraph 45 of the Complaint.

46.  The allegations contained in paragraph 46 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 46 of the Complaint stating that Plaintiff has suffered material injury or damages or that Ocwen caused said injury or damages.

47. The allegations contained in paragraph 47 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 47 of the Complaint stating that Plaintiff has suffered emotional distress damages or that Ocwen caused said injury or damages.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 48 of the Complaint stating that Plaintiff has suffered injury or damages or that Ocwen caused said injury or damages.

49. The allegations contained in paragraph 49 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 49 of the Complaint that it violated any provision of the Bankruptcy Code.

50. The allegations contained in paragraph 50 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 50 of the Complaint that it violated any provision of the Bankruptcy Code

51. The allegations contained in paragraph 51 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 51 of the Complaint stating that Plaintiff has suffered injury or damages or that Ocwen caused said injury or damages. Ocwen denies the allegations contained in paragraph 51 of the Complaint that it willfully violated any provision of the Bankruptcy Code.

52. Ocwen is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint regarding the Plaintiff's attorney's fees and therefore denies the allegations contained in paragraph 52.The remainder of the allegations contained in paragraph 52 of Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Nevertheless, Ocwen denies the allegations contained in paragraph 52 of the Complaint regarding Ocwen's alleged violation of the Bankruptcy Code and liability for any of the Plaintiff's alleged damages and/or attorney's fees.

## SECTION VI
### Relief Sought

The allegations contained in the relief section of the Plaintiff's Complaint are legal conclusions which do not require a response from Ocwen. Ocwen denies it is the cause and/or is liable for any of Plaintiff's alleged damages.

## AFFIRMATIVE DEFENSES

As and for distinct and affirmative defenses to each and every purported cause of action alleged in the Plaintiff's Complaint, and the whole thereof, set forth in the following separate paragraphs, Ocwen alleges:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Plaintiff's Complaint, and each and every alleged cause of action contained therein, fails to state a cause of action upon which relief can be granted against Ocwen.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance with Confirmed Plan and Confirmation Order)

Ocwen is informed and believes that it is in full compliance with terms of Confirmed Plan, the Confirmation Order, and Discharge Order. Ocwen is informed and believes that it properly updated its internal system to reflect the terms of the Confirmed Plan and Confirmation Order and properly applied all principal and interest payments made by Plaintiff to the Subject Loan.

## THIRD AFFIRMATIVE DEFENSE
### (Plaintiff in Default)

Ocwen is informed and believes, and thereon alleges, that Plaintiff has failed to comply with the terms of the Subject Loan and/or Confirmation Order by failing to maintain all payments due. Specifically, Plaintiff has failed to tender adequate amounts to Ocwen to provide for escrow impounds due on the Loan, resulting in a default on the account.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Ocwen is informed and believes, and thereon alleges, that if Plaintiff suffered any loss as alleged in Plaintiff's Complaint, which Ocwen expressly denies, then Plaintiff is barred from any recovery by reason of her own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Ocwen is informed and believes, and thereon alleges, that to the extent that Plaintiff may have suffered any compensable damages, which are denied, Plaintiff, though under a duty to, unreasonably failed to mitigate their purported damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

Ocwen is informed and believes, and thereon alleges, that any statements and or actions of Ocwen alleged in the Plaintiff's Complaint and each of its purported causes of action were made or taken by Ocwen in good faith, honestly, and not maliciously.

### SEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Statutes)

Ocwen is informed and believes, and thereon alleges, that it complied with all relevant Florida and federal statutes governing the relationship, if any, between Plaintiff and Ocwen regarding the conduct of Ocwen alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unstated Affirmative Defenses)

As a separate and affirmative defense to Plaintiff's Complaint, Ocwen presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses and Ocwen reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, Ocwen prays for judgment as follows:

a.    That Plaintiff takes nothing by way of her Complaint, that her Complaint be dismissed with prejudice, and/or that judgment be rendered in favor of Ocwen;

b.    For reasonable attorneys' fees and costs, and;

c.    For such other and further relief as the Court deems proper.

Respectfully Submitted:

Dated:   December 16, 2016

_/s/  Wanda D. Murray_____
Wanda D. Murray
FL Bar No.: 566381
Aldridge | Pite LLP
Attorney for Defendant
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7629

Fax: (888) 701-8994
wmurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served electronically or via U.S. Mail, first-class postage prepaid, to:


**Mary K. Sicilian**
PO Box 2954
Ormond Beach, FL 32175

**<u>Taylor J King</u>**
Law Offices of Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: <u>tjking@planlaw.com</u>



Dated: December 16, 2016                         /s/ *Wanda D. Murray*_____
                                                         Wanda D. Murray
                                                         FL Bar No.: 566381
                                                         Aldridge | Pite LLP
                                                         Attorney for Defendant
                                                         Fifteen Piedmont Center
                                                         3575 Piedmont Road, N.E., Suite 500
                                                         Atlanta, GA 30305
                                                         Phone: (404) 994-7629
                                                    Fax: (888) 701-8994